## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3507 |
| | § | |
| ARTHUR RAY HARRISON, *et al.*, | § | |
|     Defendants. | § | |

## <u>MEMORANDUM AND ORDER</u>

This action to recover unpaid income taxes is before the Court on the Motions to Dismiss filed by Defendant Arthur Ray Harrison [Doc. # 12] and by Defendant Floyd Young [Doc. # 13].  The United States filed its responses, and no replies have been filed.  The Court has carefully reviewed the full record in this case, as well as the relevant legal authorities.  Based on this review, the Court concludes that the Motions to Dismiss should be **denied**.

The United States seeks to recover unpaid federal income taxes, interest, and penalties from Defendant Harrison which were assessed in 1996 and 1997.  The United States seeks to collect those amounts from real property which Harrison conveyed to Defendant Young in 1997.  The United States alleges that the transfers to Young were fraudulent under § 24.005 of the Texas Uniform Fraudulent Transfer Act ("TUFTA").

Defendants Harrison and Young have moved to dismiss this case, asserting that it is barred by TUFTA's four-year statute of limitations.  The TUFTA statute of limitations, however, does not apply to this action by the United States to recover unpaid federal taxes.  *See United States v. Summerlin*, 310 U.S. 414, 416 (1940) (holding that the United States is not bound by state statutes of limitations); *United States v. Fernon*, 640 F.2d 609, 611-12 (5th Cir. 1981) (holding that even though the existence and extent of liability for fraudulent conveyances is determined by state law, the state statute of limitations does not apply); *United States v. Bantau*, 907 F. Supp. 988, 991 (N.D. Tex. 1995) (holding that the United States could bring a TUFTA fraudulent conveyance action without reference to the TUFTA statute of limitations). Instead, this action is governed by the ten year statute of limitations contained in 26 U.S.C. § 6502, which runs from the date the tax is assessed.  *See Bantau*, 907 F. Supp. at 990.  Because the lawsuit was filed within that ten-year limitations period, it is hereby

**ORDERED** that Defendants' Motions to Dismiss [Docs. # 12 and # 13] are **DENIED**.

SIGNED at Houston, Texas, this **17th** day of **January, 2006**.

Nancy F. Atlas
United States District Judge