IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3507 |
| | § | |
| ARTHUR RAY HARRISON, *et al.*, | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This action to recover unpaid income taxes is before the Court on Defendant Audra Harrison's Motion for Summary Judgment [Doc. # 69], the United States' Motion for Partial Summary Judgment regarding Defendant Audra Renee Harrison [Doc. # 77], Defendant Floyd Young's Motion for Summary Judgment [Doc. # 78], the United States' Motion for Summary Judgment Against Arthur and Lillie Harrison [Doc. # 92], and the United States' Motion for Partial Summary Judgment as to Defendant Floyd Young [Doc. # 94].[1]  The Court has carefully reviewed the full record in this case, as well as the relevant legal authorities.  Based on this review, the Court

---

[1] Also pending is the United States' Motion to Strike Audra Harrison's Reply [Doc. # 100]. Although the United States correctly notes that Audra Harrison's brief was filed more than twenty days after the United States filed its opposition and cross-motion for summary judgment, the Court entered an order on September 13, 2006 [Doc. # 82] stating that all responses to motions for summary judgment were due October 16, 2006. Audra Harrison's response was filed on October 16, 2006. Accordingly, the United States' Motion to Strike will be denied.

concludes that the Motions should be **granted** as to the validity of the tax assessments against Arthur Harrison for 1996 and 1997 and **denied in all other respects**.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The United States seeks to recover $217,000.00 in unpaid federal income taxes, interest, and penalties from Defendant Arthur Harrison which were assessed in 1996 and 1997. The United States seeks to collect those amounts from real and personal property. Although some of the property is held in the name of other individuals, the United States argues the property in dispute is actually owned by Mr. Harrison.

The United States also seeks a determination either that Mr. Harrison's bankruptcy discharge of the unpaid taxes should be revoked for fraud or that the federal income tax liability was non-dischargeable or an exception to the discharge because Mr. Harrison willfully attempted to evade or defeat the tax.[2]

The properties include Mr. and Mrs. Harrison's home on Pinon Court. Although the United States seeks to foreclose on and sell the property, the United States concedes that Mrs. Harrison has a homestead interest in her home.

---

[2] Mr. Harrison filed a petition in bankruptcy in 2004. In March 2006, the United States filed an adversary proceeding in the bankruptcy case. By Order [Doc. # 89] entered in this case in September 2006, the reference for the adversary proceeding was withdrawn and that proceeding was consolidated into this civil case.

The United States also seeks to foreclose on and sell a piece of real property at 503 East 24th Street (the "24th Street" property), and a piece of real property at 1095 North Earl Rudder Freeway (the "Rudder Freeway" property). Both pieces of property are located in Bryan, Texas, and Audra Harrison is the owner of record. Audra Harrison is Mr. Harrison's daughter. The United States also seeks to foreclose on and sell three vehicles – a 1999 Cadillac Escalade, a 1987 MCI bus, and a 1984 GMC bus. Audra Harrison is the title holder on all three vehicles.

The United States also asserts that Mr. Harrison is the true owner of a business called A&A Auto Rental and Sales ("A&A Auto") in Bryan, Texas. Defendant Floyd Young asserts that he owns the business.

The United States filed a Motion for Summary Judgment against Mr. and Mrs. Harrison regarding the tax liability, the bankruptcy matter, and the right to foreclose on the property. The United States and Audra Harrison filed cross-motions for summary judgment regarding the properties in which Audra Harrison is the owner of record. The United States and Mr. Young filed cross-motions for summary judgment regarding the automobile business. These motions have been fully briefed and are ripe for decision.

## II.   <u>STANDARD FOR SUMMARY JUDGMENT</u>

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment, after adequate time for discovery and upon motion, against a party

who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003).

For summary judgment, the initial burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the nonmovant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

However, if the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response. *ExxonMobil Corp.*, 289 F.3d at 375.

If the moving party meets its initial burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the nonmovant "only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999). The nonmovant's burden is not met by mere reliance on the allegations or denials in the nonmovant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002) (noting that

unsworn pleadings do not constitute proper summary judgment evidence (quoting *Johnston v. City of Houston*, 14 F.3d 1056, 1060 (5th Cir. 1994))). In the absence of any proof, the court will not assume that the nonmovant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

### III. MOTION REGARDING ARTHUR AND LILLIE HARRISON

The United States seeks summary judgment reducing to judgment Mr. Harrison's tax liability for the tax years 1990, 1991, 1993, 1995, 1995 and 1996 in the amount of $217,966.64. The United States also seeks summary judgment that the federal tax liens attach to the Pinon Court property, should be foreclosed, and the property sold to pay the tax liability. In connection with the bankruptcy adversary proceeding consolidated into this case, the United States seeks summary judgment that either the bankruptcy discharge should be revoked for fraud pursuant to 11 U.S.C. § 727(d) or that the tax liability was not dischargeable pursuant to 11 U.S.C. § 523(a)(1)(C) based on Mr. Harrison's willful attempt to evade or defeat his federal income tax.

#### A. Tax Liability and Liens

The United States has presented the Internal Revenue Service ("IRS") Certificates of Assessments and Payments for Mr. Harrison for the tax years 1990, 1991, 1993, 1995, 1995 and 1996. This is presumptive proof of a valid tax assessment.

*See United States v. McCallum*, 970 F.2d 66, 71 (5th Cir. 1992). An IRS employee has submitted a declaration showing the balance due on Mr. Harrison's tax liability as of September 1, 2006 was $217,966.63. Mr. Harrison has presented no evidence to contradict the government's evidence[3] and, as a result, the United States is entitled to summary judgment that Mr. Harrison's tax liability as of September 1, 2006, was $217,966.63.

The United States has filed and perfected tax liens against Mr. Harrison's Pinon Court property. The United States concedes that Mrs. Harrison has a homestead interest in the property for which she is entitled to compensation. *See* Reply [Doc. # 104], p. 1 (citing *United States v. Rodgers*, 461 U.S. 677 (1983)). The United States is entitled to summary judgment that its tax liens attach to Mr. Harrison's interest in the Pinon Court property, subject to Mrs. Harrison's homestead interest. The Court defers ruling, however, on whether and when the home should be sold.

### B.     <u>Bankruptcy Discharge of Tax Liability</u>

The United States argues that Mr. Harrison's Chapter 7 bankruptcy discharge should be revoked for fraud pursuant to 11 U.S.C. § 727(d). Alternatively, the United

---

[3]     Mr. Harrison in his Response [Doc. # 95] argues that the United States is not entitled to summary judgment because it failed to comply with Rule 10(b) of the Federal Rules of Civil Procedure. Rule 10(b), however, applies to claims and defenses, not to argument on motions for summary judgment. Mr. Harrison's argument is rejected.

States argues that Mr. Harrison's tax liability was not discharged or was excepted from discharge as a matter of law pursuant to 11 U.S.C. § 523(a)(1)(C) based on Mr. Harrison's willful attempt to evade or defeat his federal income tax.

A discharge in bankruptcy does not discharge tax liability "with respect to which the debtor . . . willfully attempted in any manner to evade or defeat such tax." 11 U.S.C. § 523(a)(1)(C). A debtor has willfully attempted to evade or defeat a tax where the debtor (1) has a duty under the law, (2) knew of the duty, and (3) "voluntarily and intentionally violated that duty." *See Bruner v. United States*, 55 F.3d 195, 197 (5th Cir. 1995). "A pattern of non-payment . . ., particularly when accompanied by a pattern of failure to file returns and coupled with conduct obviously aimed at concealing income and assets, certainly constitutes a willful attempt to evade or defeat taxes for purposes of § 523(a)(1)(C)." *Id.* at 200.

Mr. Harrison failed to pay his income tax liability for tax years 1990, 1991, 1993, 1995 and 1996. He late-filed his income tax returns for tax years 1992, 1994, 1997, 2000, 2001, 2002, 2003, and 2004. Although he stipulated to the tax deficiencies for his 1990 and 1991 income tax, he has made only minimal tax payments since the assessments were originally made. During the Section 341 creditors' meeting in January 2005 and in his IRS Form 433-A financial statement, Mr. Harrison claimed to have a common-law wife, although Mrs. Harrison testified in her deposition in

March 2006 that she married Mr. Harrison that month and that she was single prior to that time. Mr. Harrison never advised the IRS of the bankruptcy proceeding, failed to schedule the IRS as a creditor, and in January 2005, gave the IRS a Collection Information Statement stating falsely that he had never filed bankruptcy. The IRS had no notice of the bankruptcy proceeding until after the general discharge order was issued in March 2005.

Mr. Harrison has failed to present any evidence to explain or contradict the government's evidence. As a result, the undisputed evidence establishes that Mr. Harrison willfully attempted to evade his federal income tax for purposes of 11 U.S.C. § 523(a)(1)(C) and, therefore, the United States is entitled to summary judgment that Mr. Harrison's tax liability was not discharged.

## IV. MOTION REGARDING AUDRA HARRISON

The United States claims that Mr. Harrison has an interest in two pieces of real estate and three vehicles owned by his daughter, Audra Harrison. Each party has submitted evidence to support its respective position and has characterized the undisputed evidence in a manner most favorable to that party.

For example, Audra Harrison has presented evidence that she purchased the property and the vehicles with her own funds, with the exception of $1,000.00 of the $20,000.00 purchase price that she received from her father to purchase the 24th Street

property. All ownership documents show Audra Harrison as the owner. Although Audra Harrison purchased the vehicles through A&A Auto and permits her father to use them from time to time, she has presented evidence that A&A purchased them at auction at her request and on her approval.

The United States has presented evidence that Mr. Harrison paid $1,000.00 of the purchase price for the 24th Street property, that Audra Harrison did not list the property on a residential loan application in March 2001, and that a realtor believes that Mr. Harrison has an interest in the Rudder Freeway property. The United States notes that Audra Harrison was unable during her deposition to answer questions regarding the properties, such as who mows the grass and precisely where she obtained the funds for their purchase. The United States has also presented evidence that Mr. Harrison has initiated litigation regarding the MCI bus and the 24th Street property, referring to the bus as "his" and claiming to be the "owner/landlord" of the 24th Street property.

The evidence submitted by the parties shows that a genuine issue of material fact precludes summary judgment in this case. Evaluation of the witnesses' credibility is necessary to resolve these factual disputes and, therefore, the cross-motions for summary judgment regarding the property purportedly owned by Audra Harrison are denied.

## V.     **MOTION REGARDING FLOYD YOUNG**

As is the case with the properties related to Audra Harrison, the United States and Mr. Young have presented conflicting evidence regarding whether Mr. Young or Mr. Harrison is the owner of A&A Auto. It is undisputed that in 1997, Mr. Harrison acquired certain commercial real property in Bryan, Texas, and then conveyed a life estate in the property to Mr. Young, retaining a remainder interest. In June 2000, Mr. Young acquired a second piece of commercial real estate, paying $80,000.00 for that property. Mr. Young has a life estate in that property, with Mr. Harrison holding the remainder interest.

Mr. Young has presented evidence that he owns a life estate in each piece of property and that he uses the property to operate his business, A&A Auto. There is also evidence in the record that Mr. Harrison did not claim ownership of A&A Auto during his 2004 bankruptcy proceeding. The United States has presented evidence, however, that Mr. Young is not engaged in the day-to-day operation of A&A Auto, although the source of this evidence is a former employee who worked for A&A Auto for only two weeks. The United States has also presented evidence that, in the divorce decree when he divorced his first wife, Mr. Harrison was awarded the "business known as A&A Auto Rentals and Sales."

The parties have presented evidence which raises a genuine issue of material fact precluding summary judgment. Again, credibility of the witnesses is key to resolving the factual issues regarding A&A Auto. The cross-motions for summary judgment regarding Mr. Young and A&A Auto are denied.

## VI.   CONCLUSION AND ORDER

The uncontroverted evidence establishes that Arthur Harrison owes the assessed taxes for 1996 and 1997. The evidence also establishes that, pursuant to 11 U.S.C. § 523(a)(1)(C), those tax obligations were not properly discharged in Mr. Harrison's bankruptcy. As a result, the United States is entitled to summary judgment on its claims regarding the validity of the tax assessments. Genuine issues of material fact, however, preclude summary judgment on all other issues in the case. Accordingly, it is hereby

**ORDERED** that the United States' Motion for Summary Judgment Against Arthur and Lillie Harrison [Doc. # 92] is **GRANTED IN PART AND DENIED IN PART**. It is further

**ORDERED** that Audra Harrison's Motion for Summary Judgment [Doc. # 69], the United States' Motion for Partial Summary Judgment regarding Defendant Audra Renee Harrison [Doc. # 77], Defendant Floyd Young's Motion for Summary Judgment

[Doc. # 78], and the United States' Motion for Partial Summary Judgment as to Defendant Floyd Young [Doc. # 94] are **DENIED**.  It is further

**ORDERED** that the United States' Motion to Strike Audra Harrison's Reply [Doc. # 100] is **DENIED**.

The case remains scheduled for docket call at **4:00 p.m. on January 12, 2007**.

SIGNED at Houston, Texas, this **7th** day of **November, 2006**.

_____
Nancy F. Atlas
United States District Judge