IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|  Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3507 |
| | § | |
| ARTHUR RAY HARRISON, *et al.*, | § | |
|  Defendants. | § | |

**MEMORANDUM AND ORDER**

This action to recover unpaid income taxes is before the Court on the Motion to Stay Pending Appeal [Doc. # 183] filed by Floyd Young and Audra Harrison. The United States filed its Opposition [Doc. # 184], Young and Audra Harrison filed a Supplement [Doc. # 188], Defendant County of Brazos filed a Response [Doc. # 189], the United States filed an Opposition to the Supplement [Doc. # 190], and Young and Audra Harrison filed a Sur-Reply [Doc. # 201]. The Court has carefully reviewed the full record in this case, as well as the relevant legal authorities. Based on this review, the Court **denies** the Motion to Stay Pending Appeal.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

The United States filed this lawsuit to recover from Defendant Arthur Ray Harrison unpaid federal income taxes, interest, and penalties. The United States seeks to collect those amounts from the sale of various properties, including property that the

United States alleges Harrison owns in the name of his daughter, Audra Harrison, and in the name of his friend and business partner, Floyd Young.

The case was tried to the Court without a jury beginning February 12, 2007. On March 13, 2007, the Court issued its Findings of Fact and Conclusions of Law [Doc. # 161] finding that Harrison owned each of the subject properties. The Court entered Final Judgment [Doc. # 162] in favor of the United States.[1] During a hearing on April 18, 2007, the Court directed the parties to maintain the status quo of all properties except the Harrison's residence at 2536 Pinon Court. *See* Hearing Minutes and Order [Doc. # 186]; Order [Doc. # 185].

Young and Audra Harrison filed a Notice of Appeal [Doc. # 200] on May 10, 2007. Their Motion to Stay Pending Appeal has been fully briefed and is now ripe for decision.

## II.  APPLICABLE LEGAL STANDARD

A stay pending appeal is extraordinary relief and should be entered only when four conditions are met: (1) the movant establishes a likelihood of success on the merits; (2) the movant would suffer irreparable injury if a stay is not granted; (3) the movant shows that the stay would not substantially harm the other party; and (4) the

---

[1] The Findings of Fact and Conclusions of Law and the Final Judgment were amended by Order [Doc. # 172] entered March 28, 2007, to correct a typographical error in the address of one of the properties.

movant demonstrates that the stay would serve the public interest. *See In re First South Savings Assoc.*, 820 F.2d 700, 704 (5th Cir. 1987); *United States v. Baylor Univ. Medical Center*, 711 F.2d 38, 39 (5th Cir. 1983). "While each part must be met, the appellant need not always show a probability of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Arnold v. Garlock, Inc.*, 278 F.3d 426, 438-39 (5th Cir. 2001), *reh'g en banc denied*, 288 F.3d 234 (5th Cir. 2002).

### III.   ANALYSIS

#### A.   Likelihood of Success on the Merits

Young and Audra Harrison do not identify any issues in their Notice of Appeal. The Court's Findings of Fact, which are upheld on appeal unless they are clearly erroneous, are well supported by the evidence in the record. The Court's Conclusions of Law are properly based on its factual findings and on straight-forward, well-established legal principles. Young and Audra Harrison do not have a likelihood of success on the merits of any challenge to the Court's Findings of Fact and Conclusions of Law that they may raise on appeal.

During the April 18 conference and in their briefs filed in connection with the pending motion, Young and Audra Harrison stated that they plan to appeal the Court's

Memorandum and Order [Doc. # 61] granting the United States' Motion to Strike Audra Harrison's Jury Demand.  Initially, the Court notes that Young did not make a jury demand, and it is questionable whether he can base on appeal on the Court's order striking the jury demand made by Audra Harrison.  Moreover, for the reasons stated in the Memorandum and Order [Doc. # 61], Audra Harrison has very little likelihood of success on the merits of an appeal based on the jury demand issue.  It is well-settled that the taxpayer, Arthur Harrison, does not have a right to trial by jury on the claims against him.[2]  *See, e.g., Gefen v. United States*, 400 F.2d 476, 478 (5th Cir. 1968); *United States v. Hassell*, 2002 WL 1359718, *2 (N.D. Tex. June 18, 2002).  The position of the United States that Arthur Harrison purchased property and placed it in Audra Harrison's name does not convert this tax collection case into a claim against Audra Harrison personally.  The only affirmative claim is against Arthur Harrison, the taxpayer, not against Audra Harrison, the alleged nominee. Because the United States did not seek to impose any personal liability on Audra Harrison, she has no right to a jury in this action to enforce tax liens.  Audra Harrison's appeal on this issue is not likely to succeed.

---

[2] In any event, Arthur Harrison withdrew his jury demand. *See* Withdrawal of Demand for Jury Trial [Doc. # 20].

### B. <u>Irreparable Injury to Movants</u>

Any injury to Young and Audra Harrison from the sale of their property can be remedied, if they succeed on appeal, by the payment to them of the proceeds from the sale of the property. Although the loss of real property is often considered irreparable, the real property at issue in this case is undeveloped and is rarely used by Young or Audra Harrison, if ever. Instead, the property – both real and personal – is used primarily by Arthur Harrison in connection with his automobile and travel businesses. Young and Audra Harrison have not shown that they will suffer irreparable injury if the stay is not granted.[3]

### C. <u>Substantial Harm to the United States</u>

The United States will suffer substantial harm if a stay pending appeal is granted. The United States has been trying for many years to collect Arthur Harrison's unpaid federal income taxes and additional delay is unwarranted. A stay could also harm the United States' ability to collect Arthur Harrison's tax liability after the appeal is concluded. The personal property is rapidly declining in value. The future value of the real property is difficult to predict in an uncertain real estate market. If the stay were granted, the United States could ultimately prevail on appeal only to find that the value

---

[3] Even if Young's and Audra Harrison's loss of real property were considered irreparable as a matter of law, that irreparable injury would be significantly outweighed by the substantial harm to the United States and the interest of the public discussed below.

of the property has depreciated to such an extent that it is no longer sufficient to satisfy Arthur Harrison's tax liability. This is even more likely given Young and Audra Harrison's opposition to posting any bond to protect the interests of the United States during the pendency of the appeal.

### D. Public Interest

The public interest would not be served by a stay pending appeal. The public interest favors prompt resolution of disputes, and Arthur Harrison has for years thwarted the government's efforts to collect his unpaid federal income taxes. The public has a general interest in ensuring that all citizens are required to comply with the law. *See Staley v. Harris County*, 332 F. Supp. 2d 1041, 1043 (S.D. Tex. 2004). Moreover, the public has a substantial interest in the prompt and efficient collection of taxes "and the resolution of litigation involving enforcement of the federal tax laws." *United States v. Innis*, 2005 WL 2155558, *3 (E.D. Cal. Sept. 6, 2005). The public interest weighs heavily against granting a stay pending appeal.

### IV. CONCLUSION AND ORDER

Young and Audra Harrison do not have a likelihood of success on their appeal in this case. Any irreparable injury to Young and Audra Harrison is significantly outweighed by the substantial harm the United States would suffer if the stay were granted. The public interest weighs against a stay. Accordingly, it is hereby

**ORDERED** that the Motion to Stay Enforcement of Judgment [Doc. # 183] is **DENIED**.  The United States may proceed to sell the remaining property covered by the Final Judgment.  The Court expects that United States to make all reasonable efforts to market the property in a manner designed to achieve the most favorable price and not to sell the property at distressed prices.

SIGNED at Houston, Texas, this **11th** day of **May, 2007**.

_____
Nancy F. Atlas
United States District Judge